IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEN PETTAWAY, #125 152, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:19-cv-497-ECM-WC |
| ) | |
| GOVERNOR KAY IVEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Plaintiff, an inmate incarcerated at the Donaldson Correctional Facility, filed this 42 U.S.C. § 1983 action on July 15, 2019. He challenges the conditions of confinement at this facility including deficiencies in staffing and supervision, overcrowding, deplorable living conditions, and high levels of violence at the institution. Doc. 1. The Donaldson Correctional Facility is in Bessemer, Alabama. Bessemer, Alabama, is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404.[1]

---

[1] Plaintiff has submitted an application for leave to proceed *in forma pauperis*. Doc. 2. The court finds assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The actions about which Plaintiff complains are occurring or have occurred at the Donaldson Correctional Facility which is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, a majority of the material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are located in the Northern District of Alabama. Although Defendants Ivey and Dunn reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).

It is further ORDERED that on or before **August 6, 2019**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 23rd day of July, 2019

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE